

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS AND TEXAS DEPARTMENT OF TRANSPORTATION, | § | No. 08-18-00017-CV |
| | § | Appeal from the |
| Appellants, | § | |
| v. | | 384th District Court |
| | § | |
| RAFAEL NAVARRETTE, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2017DCV3084) |
| | § | |

**DISSENTING OPINION**

I, respectfully, dissent. The question is, I believe, if the State is represented by two different actors, and one acts as if subjectively aware of fault and the other does not, has the State received actual notice? I would find the undisputed evidence shows TXDOT was subjectively aware of fault, but as a matter of policy only investigated accidents involving a fatality.

In January 2017, Ricardo Romero, in his deposition, stated he is the Area Engineer for the East Area Office with Texas Department of Transportation. He is a registered Professional Engineer working with TXDOT for 28 years at the time of the deposition. Romero was the individual with the highest level of authority for the East Area Office.

Romero testified he was aware of the accident and that someone had fallen. The maintenance department informed Romero of the accident the day after it occurred. However, a couple of weeks later, he was told that Navarrette, a first responder, had fallen through the "gap in between the interchange and the highway." Romero did not go the accident scene, take pictures, or speak with anyone else regarding the accident. Romero never told his supervisors, colleagues, his lawyers, or anyone else at TXDOT about the accident. Romero did not make any diary or journal entries. Romero stated that he would examine and inspect a road only when there is a fatality.

Romero recalled the Maintenance Section was not called out to the accident initially but was informed of it that night or the next day. The Maintenance Section, once alerted to an accident, will document it with a diary and their time sheets. The Maintenance Section's diary will record what they were called out on and what they did.

Romero was the individual with the highest authority for his office. Maintenance informed of the accident and Navarrette's fall. These undisputed facts underpin a *de novo* review that the Maintenance Section report of the accident and Navarrette's fall to the highest authority in their chain of command is indicative of their subjective awareness of TXDOT's possible fault. The fact Romero did not acknowledge such, coupled with his policy of only investigating cases involving fatalities does not obviate the Maintenance Section's subjective awareness of possible responsibility or fault of TXDOT.

If governmental actors adopt a policy of "do nothing say nothing" by avoiding any investigation or remedial measures, they are rewarded under the subjective awareness of fault principle while the public lies unprotected. The element of subjective awareness presumes government actors will act in the best interest of the public and their organization to maintain safe

2

premises and avoid lawsuits. But, alas, this may not always be the case. We cannot allow "subjective awareness of fault" to incentivize these state actors to ignore dangerous conditions. The State should not be able to escape responsibility by their intentional or even negligent blindness. How many people must be seriously injured or killed before an investigation is conducted? Or a plan of remediation implemented? Here, seemingly, Navarrette's survival cut off TXDOT's responsibility.

In regard to TXDOT's remaining three issues that Navarrette has failed to adequately plead the following elements of a bill of review: (3) Navarrette did not establish his entitlement to judgment on his underlying premises liability claims; (4) Navarrette did not allege or prove extrinsic fraud; and (5) Navarrette did not demonstrate a good excuse for his lack of diligence, I would find Navarette's pleadings are sufficient to invoke the trial court's jurisdiction for these elements of a bill of review. I would affirm the trial court's denial of TXDOT's motion to dismiss Navarrette's bill of review for lack of jurisdiction.


YVONNE T. RODRIGUEZ, Chief Justice

March 19, 2021

Before Rodriguez, C.J., Palafox, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment